# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| In the Matter of: | } | |
| WILLIE EVANS | } | CASE NO. 07-80535-JAC-13 |
| SSN: XXX-XX-6329 | } | |
| | } | CHAPTER 13 |
| Debtor(s). | } | |
| | } | |
| WILLIE EVANS | } | AP NO. 07-80020-JAC-13 |
| | } | |
| Plaintiff(s), | } | |
| v. | } | |
| | } | |
| D&G AUTO SALES, INC. | } | |
| | } | |
| Defendant(s). | } | |

## MEMORANDUM OPINION

On March 19, 2007, this case came before the Court for hearing on complaint seeking turnover of one 2000 Jeep Grand Cherokee. Debtor filed the above styled petition on February 27, 2007 at 11:25 a.m. Defendant, D&G Auto Sales, Inc., repossessed the debtor's 2000 Jeep Grand Cherokee on the same date. In *Charles R. Hall Motors v. Lewis (In re Lewis)*, 137 F.3d 1280 (11th Cir. 1998), the Eleventh Circuit held under Alabama law, that an automobile repossessed prepetition does not constitute property of the estate for purposes of a turnover action under 11 U.S.C. § 542. Pursuant to *Lewis*, the debtor's complaint turns upon whether D&G Auto Sales repossessed the debtor's automobile before or after the debtor electronically filed his bankruptcy petition at 11:25 a.m. on the date of repossession.

Debtor testified that he drove the Jeep to work on the morning of the repossession and then drove the automobile to lunch between 11:45 a.m. and 12:00 p.m. Debtor asserts that he witnessed the car being repossessed at 12:05 p.m. after being informed by a co-worker that the car was being repossessed.

Mark Dingus, a finance manager for D&G Auto Sales, testified that the company hired to repossess the automobile repossessed same prior to 11:00 a.m. Dingus testified that he personally saw the car being returned to the lot prior to 11:00 a.m.

The only other witness to testify, Jennifer McGinnis, an assistant at Bonds, Botes, Sykstus & Larsen, testified that she filed the debtor's petition electronically at 11:25 a.m. and then called D&G Auto Sales at 12:00 p.m. to give the company the debtor's bankruptcy

information. McGinnis testified that she was informed by the person answering the phone that the automobile had already been repossessed.

The Court, faced with having to determine whether to believe the debtor or the representative of the car lot regarding the time of repossession, finds McGinnis' testimony that she was informed at 12:00 p.m. that the car had already been repossessed determinative. McGinnis' admission supports Dingus' testimony that the car was returned to the lot by 11:00 a.m. rather than the debtor's testimony that the car was not repossessed until 12:05 p.m. Pursuant to *Lewis,* the automobile is not property of the estate and is not subject to turnover.

Dated: March 20, 2007

/s/ Jack Caddell
Jack Caddell
U.S. Bankruptcy Judge

JAC/mhb
xc: Debtor(s)
 Amy Tanner, attorney for plaintiff(s)
 Brent King, attorney for defendant(s)
 trustee